**MIN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 06–4918–ag.**

United States Court of Appeals, Second Circuit.

Jan. 11, 2008.

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Emily Anne Radford, Assistant Director; Aviva L. Poczter, Senior Litiga-tion Counsel, Office of Immigration Litiga-tion, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL,[2] Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Pro-cedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as a respondent in this case.

2. The Honorable Thomas J. Meskill, who was originally assigned to the panel, died prior to

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order.

Petitioner Min Chen, a native and citizen of the People's Republic of China, seeks review of an October 10, 2006 order of the BIA affirming the April 3, 2003 decision of Immigration Judge ("IJ") Sarah M. Burr denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Chen*, No. A 79 682 252 (B.I.A. Oct. 10, 2006), *aff'g* No. A 79 682 252 (Immig. Ct. N.Y. City Apr. 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). When the BIA further supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Here, while the BIA did not adopt the IJ's adverse credibility finding, it concurred with the IJ's finding that Chen failed to establish eligibility for asylum, withholding of removal, or relief under the CAT because he was not legally married to his fiancee when she allegedly underwent a forcible abortion. According-

ly, we review both the IJ's and BIA's decisions, minus the IJ's adverse credibility finding. See *Xue Hong Yang*, 426 F.3d at 522.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In *Shi Liang Lin*, the Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Thus, Chen was not entitled to asylum based solely on his fiancée's forced abortion, regardless of their marital status. *Id.* However, the record does not support the BIA's finding that Chen was ineligible for relief because he failed to demonstrate that he was persecuted for his own resistance to China's coercive population control program.

submitting his vote. The remaining two members of the panel, who are in agreement,

decide this case in accordance with Second Circuit Local Rule 0.14(b).

Chen argues that the BIA erred in failing to consider that the cumulative effect of his past experiences amounted to persecution on account of his resistance to China's family planning policy. We agree. The BIA has stated that the term "resistance" includes, but is not limited to, "expressions of general opposition, attempts to interfere with enforcement of government policy .... and other overt forms of resistance of the family planning law." *Matter of S–L–L,* 24 I. & N. Dec. 1, 10 (BIA 2006). Here, Chen testified that, after his fiancée's alleged abortion, security guards forced him out the door when he attempted to confront the physician, and cadres spat on his face and told him that he deserved what had happened because he impregnated his fiancée before marriage. In addition, Chen testified that the cadres then beat him before detaining him for one week, during which time they continued to beat and interrogate him regarding his interference with the duties of government officials. Subsequent to his release, Chen again attempted to speak to family planning officials, and was made to "kneel down." He stated that he then quarreled with the officials, and ran away when they attempted to "grab" him.

In light of these circumstances, the BIA erroneously found that Chen failed to establish past persecution. The BIA concluded that the harm Chen experienced did not rise to the level of persecution because he was only detained for one week and there was no indication that he required medical attention for the injuries he sustained. However, there is no indication that the BIA considered the context of Chen's detention. *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006) (cautioning the BIA to be "keenly sensitive" to the fact that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground"). Indeed, the BIA appears to have focused almost exclusively on the severity of Chen's injuries to conclude that he did not suffer past persecution. *Id.* The absence of a cumulative analysis as to whether Chen established past persecution is error requiring remand. *See Manzur v. Dep't of Homeland Security,* 494 F.3d 281, 290 (2d Cir.2007). In this matter, we are unable to predict with any confidence that the BIA would reach the same decision absent the error we have identified. See *Xiao Ji Chen,* 471 F.3d at 339–40.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).